IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MIGUEL MORALES-QUIRINO,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-26-CV-00323-DB |
| | § | |
| **MARY DE ANDA-YBARRA,** *Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement, et al.,* | § § § § § § | |
| Respondents. | | |

## ORDER GRANTING AMENDED PETITION IN PART

On this day, the Court considered the above-captioned case. On February 11, 2026, Petitioner Miguel Morales-Quirino filed a "First Amended Petition for Writ of Habeas Corpus," ECF No. 7. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 2. He argues his detention is unlawful and asks the Court to order his release. *Id.* at 21. Petitioner is a Mexican national who entered the United States in 2008 and has been present in the country since. *Id.* at 9. On October 19, 2025, Petitioner was detained by Immigration and Customs Enforcement in Midland, Texas. *Id.* Among other things, Petitioner argues mandatory detention under 8 U.S.C. 1225(b) as applied to him violates his Fifth Amendment procedural due process rights because he has a fundamental liberty interest in being free from official restraint and he is being deprived of an individualized hearing to justify his detention. *Id.* at 19–20. Petitioner is not a danger to the community nor a flight risk. *Id.* at 20.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See, e.g., Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). The Court previously noted it

appears from the writ that it should be granted. *See* ECF No. 4 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Respondents filed their response on February 13, 2026, ECF No. 9. Therein, Respondents aver the Fifth Circuit's recent decision in *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) is dispositive in this case. ECF No. 9 at 1. Respondents reason "Petitioner's contention that detention should be governed by, 8 U.S.C. § 1226, that Petitioner is being unlawfully detained and deprived of a bond hearing, and that the detention violates the United States Constitution were rejected in *Buenrostro*." *Id.* at 3. This Court disagrees.

This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez* held Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge."). In accepting the interpretation as true at the outset, this Court already

considered the posture Respondents have now definitively established in the Fifth Circuit. Without more, this Court will not deviate from its as-applied analysis in light of Petitioner's constitutional rights.

In their attempt to achieve a different outcome in this case, Respondents raise two points this Court has already rejected in previous decisions. First, Respondents allege "Petitioner is receiving or has received due process afforded through removal proceedings in immigration court." ECF No. 9 at 11. Respondents reason that "[i]n upholding the facial constitutionality of § 1225(b) the Supreme Court in *Thuraissigiam* found that applicants for admission are entitled only to the protections set forth by statute in the INA. *Dep't of Homeland Sec. v. Thuraissigiam*, 91 U.S. 103, 140 (finding aliens who arrive at ports of entry are 'treated' for due process purposes 'as if stopped at the border' and 'only have rights regarding admission that Congress has provided by statute')"). *Id*. Meaningfully distinct in this case is that Petitioner is raising an as applied procedural due process challenge, not a facial one. Petitioner entered the country without inspection in 2008 and has been living here since. ECF No. 7 at 9. He has a US citizen spouse and children and a legal permanent resident mother. *Id.* He was apprehended nearly 17 years later in Midland, Texas. *Id.* As this Court has made clear:

> Respondents' position overlooks the well-established "distinction between an alien who has effected an entry into the United States and one who has never entered [that] runs throughout immigration law." *Zadvydas [v. Davis]*, 533 U.S. [678,] 693 [2001]. "[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* (collecting cases). Even in *Thuraissigiam*, the core point of the Court's analysis in rejecting an as-applied challenge rested on the fact that as an individual who was on the initial threshold of entry, he wasn't entitled to more due process than that afforded by statute. Precedent and logic tell us that

>those individuals who have established ties in the country are protected by constitutional procedural due process. After all, it is a "well established" rule "that the Fifth Amendment entitles aliens to due process of law." *Trump v. J. G. G.*, 145 S. Ct. 1003, 1006 (2025).

*Zafra*, 2025 WL 3239526 at *3.

Respondents' second point on the matter is that the Fifth Circuit noted *Zadvydas v. Davis* is inapplicable in these circumstances. ECF No. 9 at 11. This Court agrees. Given Petitioner is not subject to a final order of removal, 8 U.S.C. § 1231, which *Zadvydas* analyzes, does not apply to Petitioner. *See* ECF No. 9 at 2 (noting Petitioner is scheduled for a master calendar hearing on March 31, 2026). In sum, because no new procedural due process arguments were raised and the facts of this case were not distinguished, the same result this Court has reached in similar cases since October 2025 is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under Respondents' new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED**, Petitioner Miguel Morales-Quirino's "First Amended Petition for Writ of Habeas Corpus," ECF No. 7, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody subject to reasonable conditions of supervision **by no later than February 19, 2026.**

**IT IS FINALLY ORDERED** the parties **SHALL CONFER AND FILE** a joint status report confirming Petitioner has been released and advising the Court whether any matters remain to be resolved in this case **by no later than Feburary 24, 2026**.

**SIGNED** this **17th** day of **Feburary 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**